UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERTA THROWER,<br><br>        Plaintiff,<br><br>   v.<br><br>NATIONSTAR MORTGAGE LLC; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4N and DOES 1-10, inclusive.<br><br>        Defendants. | CIV. NO. 2:17-00766 WBS KJN<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u> |

----oo0oo----

        Plaintiff Roberta Thrower brought this action against Nationstar Mortgage LLC ("Nationstar") and U.S. Bank National Association ("U.S. Bank") for violations of state and federal law arising out defendants' alleged misconduct as plaintiff's purported mortgage servicer and beneficiary of plaintiff's debt obligation. The matter is now before the court on defendants' Motion to dismiss for failure to state a claim upon which relief

1

can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mot. (Docket No. 4).)

I.  Factual and Procedural Background

In 2006, plaintiff allegedly obtained a mortgage loan on property in Rocklin, California, which was secured by a Deed of Trust listing GreenPoint Mortgage Funding, Inc. as the lender. (Compl. 9:13-19 (Docket No. 1).) The Complaint alleges that the loan was placed in a mortgage-backed securities trust named Lehman XS Trust, Series 2006-4N ("2006-4N Trust"), which the parties agree is governed by New York law. (Compl. 9:25-10:1.) The 2006-4N Trust allegedly had a closing date--the date by which all Notes and Deeds of Trust must be transferred into the trust-- of March 31, 2006. (Compl. 11:19-26.) The Complaint alleges that the Deed of Trust was not transferred to the 2006-4N Trust by the closing date and therefore the assignment is invalid. (Compl. 13:18-14:12.)

Following a series of recorded assignments, defendant U.S. Bank was the trustee and beneficiary of the Deed of Trust and Nationstar was the mortgage servicer. (Request for Judicial Notice ("RJN") Exs. 3-4, 8, 11 (Docket No. 5).)[1] Plaintiff

---

[1] A court may take judicial notice of facts "not subject to reasonable dispute" that are "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "[A] court may take judicial notice of 'matters of public record.'" Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citing Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986)). Defendants request that the court notice fifteen recorded documents--the grant deed, trust transfer deed, several assignments of the deed of trust, several substitutions of trustee, two Notices of Default and rescission of the first Notice of Default, two Notices of Trustee's Sale, the Modification Agreement, and the docket for plaintiff's Chapter 13 Bankruptcy petition in the Central District of California. (See RJN Exs. 1-15.) Plaintiff does not dispute the accuracy or authenticity of the documents.

2

allegedly made payments to defendants and refinanced her mortgage loan with Nationstar in 2012. (See RJN Ex. 10.) A Notice of Default was subsequently recorded in 2016 and a Notice of Trustee Sale was recorded on April 4, 2017. (RJN Exs. 13-14.)

Plaintiff filed a verified complaint, bringing claims against defendants for: (1) declaratory relief; (2) negligence; (3) quasi contract; (4) violation of the Fair Debt Collection Practices Act ("FDCPA"); (5) accounting; (6) quiet title; (7) violation of the California Unfair Competition Law ("UCL"); and (8) violation of 26 U.S.C. § 860G(d)(1). Now before the court is defendants' Motion to dismiss.

II. Discussion

On a motion to dismiss under Rule 12(b)(6), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial

---

Therefore, "[t]he court will take judicial notice of these documents because they are matters of public record whose accuracy cannot be questioned." See Willis v. JPMorgan Chase Bank, N.A., Civ. No. 2:17-366 WBS AC, 2017 WL 1349744, at *1 (E.D. Cal. Apr. 5, 2017) (taking judicial notice of recorded deeds of trust).

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Complaint alleges that defendants cannot foreclose on the property or demand mortgage payments from plaintiff because the Deed of Trust and Note were not transferred into the 2006-4N Trust by its closing date, thereby violating the Pooling Service Agreement ("PSA"). (Compl. 11:19-26.) Plaintiff does not allege that she was a party to any of the assignments of her loan, Deed of Trust, or Note. Defendants argue that plaintiff lacks standing to challenge any allegedly untimely assignment to the 2006-4N Trust and therefore plaintiff's entire Complaint must be dismissed.

A borrower has standing to challenge an assignment of her note and deed of trust on the basis of defects that render the assignment void, but does not have standing to challenge a voidable assignment. Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919, 942-43 (2016). "When an assignment is merely voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment." Id. at 936. "Unlike a voidable transaction, a void one cannot be ratified or validated by the parties to it even if they so desire." In re Turner, --- F.3d ----, 2017 WL 2587981, at *3 (9th Cir. 2017).

Under New York law, an act in violation of a trust agreement renders the assignment not void, but voidable. See Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F.3d 79, 87-90 (2d Cir. 2014) (holding that "any failure to comply with the terms of the PSAs" did not render the "acquisition of plaintiffs' loan and

4

mortgages void" because "[u]nder New York law, unauthorized acts by trustees are generally subject to ratification by the trust beneficiaries"); see also Morgan v. Aurora Loan Servs., LLC, 646 Fed. App'x 546, 550 (9th Cir. 2016) (citing Rajamin). Therefore, a borrower does not have standing to challenge a purported untimely assignment of a deed of trust. See In re Turner, 2017 WL 2587981, at *3-5 (holding a borrower did not have standing to challenge the assignment of her deed of trust into a securitized trust); Morgan, 646 Fed. App'x at 550 ("[B]ecause an action in violation of a trust agreement is voidable--not void--under New York law, which governs the [trust agreement] at issue, [plaintiff] lacks standing here.").

The alleged assignment in violation of the PSA "rendered the transfer voidable, not void." See In re Turner, 2017 WL 2587981, at *3. Because such a violation only renders the assignment voidable and plaintiff was not a party to the assignment, plaintiff does not have standing to challenge the assignment of her Note and Deed of Trust into the 2006-4N Trust. See id.

Plaintiff relies on Glaski v. Bank of America, N.A., 218 Cal. App. 4th 1079, 1097 (5th Dist. 2013), where the court held that an assignment of a deed of trust into a securitized trust after the closing date rendered the assignment void. However, Glaski is "an outlier and not widely accepted law." Gutierrez v. Bank of Am., N.A., Civ. No. 2:14-1246 TLN AC, 2015 WL 925703, at *5 (E.D. Cal. Mar. 3, 2015) (citing cases); see Wells Fargo Bank, N.A. v. Erobobo, 127 A.D.3d 1176, 1177-78 (N.Y. App. Div. 2015) (reversing the trial court decision relied upon

5

in Glaski). Plaintiff fails to point to a single post-Glaski case that follows Glaski's reasoning.[2] To the contrary, the courts that have addressed this issue post-Glaski--including the Ninth Circuit, many district courts within the Ninth Circuit, and other California Courts of Appeal--have held that borrowers do not have standing to challenge a late assignment of their deed of trust because an untimely assignment is voidable, not void. See, e.g., Morgan, 646 Fed, App'x at 550; Saterbak v. JPMorgan Chase Bank N.A., 245 Cal. App. 4th 808, 815 (4th Dist. 2016). The court finds no reason to depart from the overwhelming majority of recent decisions, including binding Ninth Circuit decisions.

Because plaintiff does not have standing to challenge the alleged assignment, she also does not have standing to bring claims relying on the allegedly untimely assignment. See Palmer v. MTC Fin., Inc., Civ. No. 1:17-43 DAD SKO, 2017 WL 2311680, at *6 (E.D. Cal. May 26, 2017) (dismissing FDCPA, wrongful foreclosure, and quiet title claims because plaintiffs did not have standing to challenge the assignment of their deed of trust); Walker v. Deutsche Bank Nat'l Trust Co., CV 15-03887-BRO (MRWx), 2015 WL 12746201, at *7 (C.D. Cal. Oct. 5, 2015)

---

[2] Plaintiff also cites a pre-Glaski case, Vogan v. Wells Fargo Bank, N.A., Civ. No. 2:11-2098 JAM KJN, 2011 WL 5826016 (E.D. Cal. Nov. 17, 2011), where the court denied a motion to dismiss a UCL claim when plaintiffs alleged, in part, that a recorded assignment was executed after the closing date of the securitized trust because it gave rise to a plausible inference that some of the assignment was fraudulent. That case, however, pre-dates the Second Circuit decision in Rajamin and the Ninth Circuit decisions in In re Turner and Morgan, which held that borrowers lack standing to challenge a late assignment of their note or deed of trust because such an act "is voidable--not void--under New York law." See, e.g., Morgan, 646 Fed. App'x at 550.

6

(dismissing quasi contract, wrongful foreclosure, and quiet title claims because plaintiff lacked standing to challenge the assignment of her loan). At oral argument, plaintiff's counsel conceded that all claims of plaintiff's complaint rely on this alleged assignment. Accordingly, the court will dismiss all of plaintiff's claims.

Although Fed. R. Civ. P. 15(a)(2) requires the court to "freely give leave [to amend] when justice so requires," a district court "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006). Granting plaintiff leave to amend her claims when she lacks standing to challenge the assignment of her Deed of Trust would be futile because plaintiff cannot allege any set of facts that would render the assignment void, instead of voidable. See Palmer, 2017 WL 2311680, at *6; Walker, 2015 WL 12746201, at *7. Therefore, the court will not grant plaintiff leave to amend.

IT IS THEREFORE ORDERED that defendants' Motion to dismiss (Docket No. 4) be, and the same hereby is, GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE.

Dated: June 28, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7